UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| In re: Fred Allen ) | |
| ) | |
| ) | Civil Action No. 09-225-JMH |
| DEUTSCHE BANK NATIONAL TRUST ) | Bankruptcy Court No. 08-51728 |
| COMPANY; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ) | |
| Appellants, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| v. ) | |
| ) | |
| J. JAMES ROGAN, ) | |
| Chapter 7 Trustee for ) | |
| Fred Allen, ) | |
| ) | |
| Appellee. ) | |

**       **     **     **     ****

This matter is on appeal from the Bankruptcy Court's denial of Appellants' Motion to Vacate the Default Judgment entered against Appellants.   Appellants have filed a brief setting forth their arguments on appeal [Record No. 5], and Appellee has made no response.   The matter is now ripe for decision, and the Court concludes that the Order denying Appellants' Motion to Vacate will be reversed for the reasons stated below.

**I. BACKGROUND**

Debtor Fred Allen (hereinafter "Debtor") executed a promissory note and granted a mortgage on property he owned in Madison County, Kentucky, on September 16, 2005 to Mortgage Electronic Registration Systems, Inc. ("MERS").   The note and underlying mortgage were securitized into a trust, for which Deutsche Bank National Trust

-1-

Company ("Deutsche") was appointed Trustee.  MERS and Deutsche are Appellants herein.  Litton Loan Servicing ("Litton") acted as the loan servicing agent for Deutsche regarding Debtor's loan.

Debtor filed a Chapter 7 petition for bankruptcy relief on July 3, 2008, and on July 16, 2008, Litton filed a secured proof of claim, which listed its name and address for notices regarding the claim in bankruptcy.

Appellee Bankruptcy Trustee J. James Rogan ("Trustee") filed a Complaint [Record No. 1] on January 23, 2009, requesting that the Bankruptcy Court enter a declaratory judgment against Appellants. The Complaint was served on the Chairman of the Member Management Board of Deutsche at a New York City, New York, address.  The Complaint was not served on Litton at the Houston, Texas, address listed on the proof of claim.  Appellants had no notice of the Complaint and did not file a response by the March 2, 2009 deadline.  On March 3, 2009, the Trustee filed a Motion for Default Judgment [Record No. 9] against Appellants and the Bankruptcy Court granted that motion on March 4, 2009.  Appellant Litton was not aware of the existence of the Complaint until March 2, 2009. Litton filed a Motion to Vacate [Record No. 15] on April 2, 2009 and the Bankruptcy Court denied that motion on May 18, 2009.

-2-

## II. JURISDICTION

This Court has jurisdiction to hear the appeal of the Bankruptcy Court's January 23, 2009, order pursuant to 28 U.S.C. 158(a)(1).

## III. STANDARD OF REVIEW

Denial of a motion to vacate a default judgment is reviewed for an abuse of discretion. *Antoine v. Atlas Turner*, 66 F.3d 105, 108 (6th Cir. 1995). However, "[i]f the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id*. (*citing United States v. Indoor Cultivation Equipment*, 55 F.3d 1311, 1317 (7th Cir. 1995).

## IV. DISCUSSION

In their Motion to Vacate, Appellants sought to vacate the Default Judgment pursuant to Fed. R. Bankr. Pr. 9024, which incorporates Fed. R. Civ. R. 60(b). "Under Rule 60(b)(4), if a judgment is void, it must be vacated." *Id*. In this case, the default judgment against Appellants was entered after Appellants failed to respond to the Complaint. The Trustee, however, had failed to serve the Appellants with a copy of the Complaint, and Appellants had no notice of the Complaint. Absent notice of the Complaint on the part of Appellants, they had no obligation to respond, and the Default Judgment is void. It follows that it was a *per se* abuse of discretion for the Bankruptcy Court to deny

-3-

Appellant's Motion to Vacate.

Fed. R. Bankr. P. Rule 7004(b)(3) allows service by first-class mail as an alternative to personal service of process. To effectuate service by first class mail upon a corporation, a complaining party must mail "a copy of the summons and complaint to the attention of an officer, managing or general agent, or to any other agent authorized by appointment or law to receive service of process." Fed. R. Bankr. P. Rule 7004(b)(3). Appellant Deutsche listed Litton's Bankruptcy Department as its agent on the proof of claim for all notices regarding the bankruptcy case, which serves as an "appointment" under the Rule. *See In re Chess*, 268 B.R. 150, 157 (Bankr. W.D. Tenn. 2001) (citations omitted). Trustee then failed to serve Appellants when he used names and addresses other than the one listed on the proof of claim.

In a case with strikingly similar facts, a creditor appointed "Resurgent Capital Services" on its proof of claim as the entity to receive service of process in the bankruptcy case. *In re Hawthorne 326* B.R. 1 (Bankr. D.C. 2005). The *Hawthorne* court required re-service of an objection to the proof of claim, even though the creditor and the agent had the same business address, because:

> [S]ervice was not properly made in this case. The creditor indicated that notices relating to its claim should be sent to Resurgent Capital Services. The debtor mailed the notice to the creditor itself, instead of Resurgent Capital Services. Although the

-4-

> debtor mailed the notice to the same address
> as the address for Resurgent Capital Services,
> the creditor specifically asked that notice be
> sent to Resurgent Capital Services ... [T]he
> party ... ought to scrupulously comply with
> the creditor's specific instructions regarding
> how notice is to be sent.

*Id*. at 5-6.  Applying a healthy dose of common sense, the *Hawthorne* court reasoned that "[t]he failure to send the notice to the specified entity here may have caused the notice not to be routed to the office that handles objections to claims." *Id.* at 6, n.6.

In the instant matter, it is undisputed that the Trustee did not send proper notice of the Complaint to Litton.  Deutsche contracted with Litton to handle its bankruptcy claims and appointed Litton as its agent for service of process.  By listing Litton's address for notices regarding the bankruptcy claim, Deutsche was prepared to handle these types of complaints through the contract it had with Litton and not through other means.  As noted in *Hawthorne*, "failure to send the notice to the specified entity here may have caused the notice not to be routed" to the proper office or person for preparation of a response.  *Id*.

Because Appellants did not receive notice of the Complaint, they had no obligation to respond to the Complaint.

> The obligation to answer the adversary
> proceeding complaint is not triggered until
> the complaint is 'duly served.' [Fed. R.
> Bankr. P. Rule] 7012(a) ... Without proper
> service, the defendant cannot be said to have
> 'failed to plead or otherwise defend as
> provided by these rules.'  Fed. R. Civ. P.
> 55(a), incorporated by Fed. R. Bankr. P 7055."

*In re Mersmann*, 505 F.3d 1033, 1043-1044 (10th Cir. 2007).   "Lack of notice and sufficient service of process leading ultimately to a lack of due process properly renders a judgment void."   *In re Chess*, 268 B.R. 150, 155 (Bankr. W.D. Tenn. 2001).   Further, as the default judgment entered against Appellants was clearly void for want of proper service, it was a *per se* abuse of discretion for the Bankruptcy Court to deny Appellants' Motion to Vacate.  *Antoine*, 66 F.3d at 108.

Accordingly, **IT IS ORDERED** that the Bankruptcy Court's decision to deny Appellants' Motion to Vacate is **REVERSED**, and this matter is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this opinion.

This the 20th day of October, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge