UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| In re: Fred Allen                          ) | |
| )                                           | |
| )                                           | Civil Action No. 09-225-JMH |
| DEUTSCHE BANK NATIONAL TRUST   ) | Bankruptcy Court No. 08-51728 |
| COMPANY; MORTGAGE ELECTRONIC   ) | |
| REGISTRATION SYSTEMS, INC.,    ) | |
| )                                           | |
| Appellants,                ) | |
| )                                           | **MEMORANDUM OPINION AND ORDER** |
| v.                                          ) | |
| )                                           | |
| J. JAMES ROGAN,                             ) | |
| Chapter 7 Trustee for                       ) | |
| Fred Allen,                                 ) | |
| )                                           | |
| Appellee.                  ) | |

**         **         **         **         **

This matter is before the Court on the Motion of Appellee J. James Rogan, Chapter 7 Trustee for Fred Allen, for Rehearing and for Permission to File Brief [Record No. 7] in which he asks the Court to rehear the appeal and allow him to file a brief, effectively giving him relief from the Court's October 20, 2009, Memorandum Opinion and Order which reversed the decision of the Bankruptcy Court and remanded the matter for further action. The Court being adequately advised, this Motion is ripe for decision.

The Trustee asks for relief on the grounds that he did not receive electronic notice of the papers and proceedings in this case from the Clerk of the United States District Court prior to October 27, 2009, and was not aware of the briefing schedule set in place on June 24, 2009 [Record No. 4], in the appeal proceeding before

-1-

this Court.  He further argues that Appellant should have served him with Appellant's pleadings and papers via United States mail and that Appellant's "failure" to do so excuses Appellee's own failure to timely file a response to Appellant's Brief in this matter.  For the reasons which follow, the Court disagrees, and Appellee's Motion shall be denied.

Hon. Rogan's stated reason for failing to participate in this matter is quite simple.  Since the District Court Clerk was not aware of Rogan's current email address, Rogan was not receiving notice of proceedings in this matter and was unaware of his obligation to file a brief in response to Appellant's Brief or to otherwise participate in the proceeding.  Under the circumstances, this garners little sympathy from the Court.

Joint General Order 05-03 of the United States District Court for the Eastern and Western Districts of Kentucky, filed August 8, 2005, provides that "effective September 1, 2006[,] all cases, proceedings, motions, memoranda of law and other pleadings or documents filed with the court must be filed using the Electronic Case Filing System (ECF System)."  In turn, Paragraph 3(b) of the Amended Electronic Case Filing Administrative Policies and Procedures of this Court provides that "[r]egistration as a Filing User constitutes consent to electronic service of all documents as provided in this order in accordance with the Federal Rules of Civil Procedure . . . ."  Paragraph 4(h) provides that, "[b]y participating

in the electronic filing process, the parties consent to the electronic service of all documents, and shall make available electronic mail addresses for service."

All of this is to say that when Hon. J. James Rogan registered with this Court as a filing user – well before the pendency of the present appeal – and made available an electronic mail address for service, he consented and agreed to receive service of pleadings and papers by means of the CM-ECF system.[1]  Having done so, he then failed to update his email address with the Clerk of Court when he changed it in 2006.[2]  He again failed to update his email address with the Clerk of this Court when he was notified, by virtue of the Notice of Appeal filed in the Bankruptcy Court, that a proceeding before this Court was imminent.[3]  It was only when he received an email notice regarding activity in this matter on October 22, 2009, from the Clerk of the U.S. Bankruptcy Court, which advised him of the entry of this Court's October 20, 2009, Memorandum Opinion and Order, that he changed his email address of record with this Court

---

[1]According to Rogan, from sometime in 2005 until October 23, 2009, the United States District Court Clerk's office was sending electronic notice to him at the email address which he initially registered for purposes of receiving CM-ECF notices: "jrogan@mis.net."

[2]According to the Trustee, his email address changed from jrogan@mis.net to jrattorney@bellsouth.net in 2006 and use of jrogan@mis.net was discontinued at that time.

[3]Of note, the Notice of Appeal prompted Hon. Rogan to prepare and file a Designation of Items to Be Included in Record on Appeal, which was transmitted to this Court on June 23, 2009.

to jrattorney@bellsouth.net. His failure to update his address cannot be attributed to this Court, the Clerk of this Court, or Appellant, and the Court will not grant him the relief requested on these grounds.

The Trustee also argues that service of the papers and pleadings in this appeal was not effective because Appellant should have served him via U.S. Mail under Bankruptcy Rule 8008, which provides as follows:

> **(b) Service of all papers required.** Copies of all papers filed by any party and not required by these rules to be served by the clerk of the district court or the clerk of the bankruptcy appellate panel shall, at or before the time of filing, be served by the party or a person acting for the party on all other parties to the appeal. Service on a party represented by counsel shall be made on counsel.
>
> **(c) Manner of service.** Service may be personal or by mail. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel. Service by mail is complete on mailing.

To the extent that this rule would even apply in this situation, Appellee ignores Bankruptcy Rule 5005(2), which provides that "[a] court may, by local rule permit or require documents to be filed, signed or verified by electronic means" and that such document if, "in compliance with a local rule[,] constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107

-4-

of the code." To this end, Fed. R. Civ. P. 5(b)(2)(E) provides that service of a paper may be effected by "sending it by electronic means if the person consented in writing – in which event service is complete upon transmission . . . ."[4] Additionally, Fed. R. Civ. P. 5(b)(3) provides that, "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under rule 5(b)(2)(E)."

Local Rule 5.4, as amended on May 28, 2009, provides that:

> Documents shall be filed, signed and verified by electronic means to the extent and manner authorized by General Order 05-03 of the court. A document filed by electronic means in compliance with this Local Rule constitutes a document for the purposes of apply these Local Rules and the Federal Rules of Civil Procedure.

Finally, Local Rule 5.5, as amended on May 28, 2009, provides that "[t]ransmission of the Notice of Electronic Filing (NEF) constitutes service of the filed document upon each party in the case who is registered as an electronic case filing user with the Clerk."

Having reviewed the electronic version of the docket in this matter, the Court notes that a Notice of Electronic Filing was

---

[4]Fed. R. Civ. P. 5(b)(2)(E) also states that service "is not effective if the serving party learns that [the paper] did not reach the person to be served." In this instance, there is no indication that anyone, least of all Appellant, the Court, or the Clerk of Court, received notice that the papers and pleadings in this case were not reaching Rogan. Notably, Rogan states that he "discontinued" use of the email address "jrogan@mis.net" sometime in 2006, but he does not indicate that the account was closed or otherwise disabled such that anyone would have noted through a notice of failed delivery that he was not receiving Notices of Electronic Filing.

electronically mailed to J. James Rogan at jrogan@mis.net with regard to the Notice of Appeal from Bankruptcy Court [Record No. 1], Bankruptcy Scheduling Notice [Record No. 4], Appellant's Brief [Record No. 5], and this Court's October 20, 2009, Memorandum Opinion and Order [Record No. 6].  In other words, service was completed as contemplated by the Rules, and there is no indication or evidence that anyone was made aware that Rogan was not receiving notice as provided for under the relevant rules.

The applicable rules, when read in full, permitted service on Rogan by means of CM-ECF.  Again, his failure to update his email address with this Court will not excuse his failure to file Appellee's Brief, and relief will not be granted on the grounds that Appellant did not serve Rogan by U.S. Mail, when the rules provided for electronic service as set forth above.

Accordingly, **IT IS ORDERED** that the Motion of Appellee J. James Rogan, Chapter 7 Trustee for Fred Allen, for Rehearing and for Permission to File Brief [Record No. 7], shall be, and the same hereby is, **DENIED**.

This the 4th day of November, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

-6-